UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DITARIUS JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1052 |
| | ) | |
| K HART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMARY JUDGMENT ORDER**

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment claims for excessive force and failure to obtain medical treatment for Plaintiff. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 15). The motion is denied.

**PRELIMINARY MATTERS**

**Defendants' Motion for Order (Doc. 21)**

Defendants' request an order granting summary judgment in their favor based on Plaintiff's failure to respond to their motion for summary judgment, or, in the alternative, an extension of the discovery and dispositive motions deadlines in this case.

Defendants are not entitled to a favorable summary judgment ruling solely on the basis that Plaintiff failed to respond—Defendants are still required to show that they are legally entitled to summary judgment given the undisputed facts, with the facts viewed in the light most favorable to Plaintiff. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Defendants'

request for a ruling in their favor based solely on Plaintiff's untimely response is denied. Defendants' request for new deadlines is granted. New deadlines are set forth below.

**Plaintiff's Motion for Extension of Time (Doc. 20)**

Plaintiff's motion for an extension of time to conduct discovery is granted. New deadlines are set forth below.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**FACTS**

Plaintiff filed this lawsuit on February 22, 2022, alleging Fourteenth Amendment claims for excessive force and failure to provide adequate medical care arising from his detention at Peoria County Jail ("jail"). (Doc. 1). According to the complaint, the alleged unconstitutional events occurred on February 8, 2022. *Id.*

Jail rules require an inmate to file a grievance via the kiosk system within five days of the events in question. (Doc. 16-2 at 10). A detainee who is not satisfied with a jail official's

response may appeal the grievance "by submitting a kiosk grievance" within five days of the response asking the Correctional Superintendent to review the answer. *Id.* If still not satisfied, the detainee "shall forward his or her complaint to the Illinois Office of Jail and Detention Standards." *Id.*

Plaintiff filed a grievance alleging excessive force on February 14, 2022; the grievance does not mention the denial of medical care.[1] (Doc. 16-3 at 6). Jail officials denied the grievance as untimely on February 15, 2022. *Id.* Plaintiff filed another grievance on February 17, 2022, that read: "if I cant [sic] make it to the kiosk within 5 day it means they dcs hart or eddleman wouldn't let me. thats on yall not me. do yall job properly?????....has been filed." *Id.* at 10. A jail official named Kristine Hart[2] responded, "This channel is reserved for grievances. Please submit a general request." *Id.*

The type of request the responding jail official told Plaintiff to file, according to the Inmate Handbook, is appropriate when a detainee seeks information about the programs and services available at the jail or has "a question that the pod officer cannot answer." (Doc. 16-2 at 4). The relevant programs and services include showers, cleaning, meals, court, church, visitation, sick call, and commissary. *Id.* The Inmate Handbook does not establish deadlines for filing general requests.

Plaintiff did not appeal the denial of his February 17, 2022, grievance. The record discloses no further relevant grievances.

---

[1] Plaintiff filed a second grievance on the same day addressing the incident. (Doc. 16-3 at 7). Officials denied this grievance as duplicative. *Id.*

[2] The Court cannot determine whether this jail official is Defendant K Hart. Defendant K. Hart identifies herself in her pleading only by her first initial.

## ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a detainee failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a detainee must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

The PLRA requires only that inmates exhaust available remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). A formal grievance process is unavailable when the process: (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Plaintiff did not file his original grievance within the five-day deadline, and jail officials denied the grievance accordingly. Construed in his favor, Plaintiff's February 17, 2022, grievance was an attempt to appeal that decision on the grounds that his apparent failure to comply was not his fault. The responding jail official did not address Plaintiff's deadline issues, instead instructing Plaintiff to file a request form that does not appear applicable to that issue. The Court finds that doing so made the process unavailable to Plaintiff, and that Plaintiff exhausted all available administrative remedies.

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion for Summary Judgment [15] is DENIED.

2) Plaintiff's Motion for Extension of Time [20] is GRANTED.

3) Defendants' Motion for Order [21] is GRANTED in part and DENIED in part.

4) Discovery shall be completed by September 27, 2023. Dispositive motions shall be filed by October 27, 2023.

Entered this 6th day of July, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE